DIAMOND SHOE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3453. Promulgated June 18, 1929.

MEMORANDUM OPINION.

TRAMMELL: This cause came on to be heard upon the motion of the petitioner for a rehearing and such other relief as to the Board might seem necessary and proper, and the cause having been argued by counsel, it is our opinion that the finding of fact in the previous determination of the Board to the effect that the Diamond Shoe Co. of Massachusetts succeeded to the business and assets and was the successor to the trade or business carried on by the Ideal Shoe Co. was erroneous. We now find as a fact that in July, 1912, the stockholders of the petitioner, a New York corporation, and one Rubin, a practical shoe manufacturer, purchased a shoe factory partly dismantled in Brockton, Mass., from a trustee in bankruptcy, but did not acquire or succeed to the trade or business of that company. The stockholders of the petitioner and Rubin formed a Massachusetts corporation called the Diamond Shoe Co. and turned the factory over

to it. Later the Diamond Shoe Co., a Delaware corporation, succeeded to the assets and business of the Massachusetts corporation.

It is our opinion, however, that the change in the facts does not alter the result reached in our former determination.

The facts are as set out in our determination heretofore promulgated as modified above and this presents squarely before us the question of the correctness of the respondent's method of determining the average pre-war income of the affiliated corporations. On this question, article 802 of Regulations 45 provides as follows:

The consolidated net income of affiliated corporations for the prewar period shall be the average consolidated net income for the prewar years of such of the several corporations included in the consolidation for the taxable year as were affiliated during the prewar period, plus the aggregate of the average net income for each of the corporations not affiliated during the prewar period which were in existence during all of the prewar period or during at least one full year within the prewar period. The net income of a subsidiary corporation organized during the prewar period by an existing corporation shall also be included.

This article represents the Treasury Department's interpretation of the pertinent provision of section 320 of the Revenue Act of 1918, which provides:

(b) The average net income for the prewar period shall be determined by dividing the number of years within that period during the whole of which the corporation was in existence into the sum of the net income for such years, even though there may have been no net income for one or more of such years.

Section 240 of the Revenue Act of 1918 required corporations which were affiliated to make a consolidated return of net income and invested capital, and that their taxes should be computed upon the basis of such return as a unit. See *American La Dentelle, Inc.*, 1 B. T. A. 575; *Farmers Deposit National Bank*, 5 B. T. A. 520, and other cases.

For the taxable year it is the consolidated net income which is to be determined and in our opinion when corporations were also affiliated for the prewar years, the net income for such years should be determined on the same basis. It is the income of the group for the prewar period that is to be compared with the income of the same group for the taxable year. The income computed on the basis of separate corporations for one period would not be a fair comparison with the income of the same corporations computed as a unit for another period.

The petitioner cites in support of its contention that the income of the separate corporations should be computed and averaged as separate corporations the language of the report of the Committee on Ways and Means accompanying H. R. 12863, on page 37, as follows:

This part fixes the prewar period as the calendar years 1911, 1912 and 1913, or, if a corporation was not in existence during the whole of such period, then as many of such years during the whole of which the corporation was in existence. The bill provides a tax of 80 per cent upon the amount of the net income in excess of the war-profits credit. The war-profits credit will be determined in the following way: Every corporation will be allowed a specific exemption of $3,000 and in addition its average prewar earnings for the prewar period 1911, 1912, and 1913.

The pertinent part of the foregoing is as follows:

Every corporation will be allowed * * * its average prewar earnings for the prewar period.

In our opinion, however, the Committee in the language quoted did not refer to affiliated corporations. This is manifest because clearly in a consolidated return every corporation is not allowed a specific exemption of $3,000 and the report after referring to " every " corporation used the pronoun " its," clearly indicating that the Committee was not referring to affiliated corporations.

The respondent's method of computing the average prewar income is in conformity with the regulations of the Treasury Department. Such construction appears to be reasonable and is in accordance with our conception of the requirements of the statute. The petitioner has advanced no substantial reason for overruling the established and uniform interpretation of the statute by the Treasury Department.

In view of the foregoing, we must reach the same conclusion heretofore reached, but on a different ground. The action of the respondent was, therefore, correct.

Reviewed by the Board.

*Decision will be entered under Rule 50.*